# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

**LELAND RAYMOND EDWARDS, #1160906/204486,**

Petitioner,

v.  2:10CV339

**GENE M. JOHNSON,**
**Director of the Virginia Dep't of Corrections,**

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

On January 5, 2007, in the Circuit Court of the City of Hampton, Virginia, petitioner Leland Raymond Edwards ("petitioner" or "Edwards") was convicted of breaking and entering, maiming, and two counts of use of a firearm. On March 9, 2007, petitioner was sentenced to a total of sixty-eight years imprisonment. On March 28, 2007, Edwards' trial counsel filed a motion to vacate judgment and, on April 5, 2007, he filed a notice of appeal. The trial court record was received by the Court of Appeals of Virginia on June 25, 2007. As a result, Edwards' petition for appeal was due on or about August 6, 2007. Edwards' counsel missed this deadline and, on August 13, 2007, he filed a motion for an extension of time to file a petition for an appeal. On August 22, 2007, the Court of Appeals of Virginia denied the motion as untimely and dismissed the appeal because a petition was not filed within forty days after the date on

which the record was received by the Court of Appeals.

In November 2007, Edwards filed his first petition for writ of habeas corpus in the Supreme Court of Virginia, alleging the following grounds for relief: (1) the prosecution failed to disclose exculpatory evidence; and (2) his right to appeal was denied due to the ineffective assistance of trial counsel. The Supreme Court of Virginia found that Edwards was in fact denied his right of appeal and granted the writ with regard to that issue. Petitioner was granted leave to file a delayed appeal. In its order, the Supreme Court of Virginia stated that its decision was without prejudice to Edwards' right to file a subsequent state habeas petition "limited to the ground or grounds assigned in the [first] petition." (Edwards v. Warden of the Sussex I State Prison, Record No. 072420, Mar. 17, 2008).

Edwards filed his delayed notice of appeal on June 27, 2008, and a petition for appeal on July 14, 2008. On appeal, Edwards challenged the sufficiency of the evidence introduced at trial. In a per curiam order issued on September 24, 2008, the Court of Appeals of Virginia denied Edwards' appeal. On March 19, 2009, a three-judge panel of the Court of Appeals of Virginia denied Edwards' appeal for the same reasons stated in the September 24, 2008 per curiam order. The Supreme Court of Virginia refused Edwards' appeal on September 25, 2009.

On October 7, 2009, petitioner filed a second state habeas petition in the Supreme Court of Virginia. In that petition, Edwards asserted two grounds for relief, both alleged violations of his due process rights. He claimed: (1) the trial court failed to rule on the March 28, 2007 motion to vacate judgment filed in the trial court; and (2) the trial court failed to rule on an April 7, 2008 motion to vacate judgment filed after the Supreme Court of Virginia granted Edwards a delayed appeal. On April 8, 2010, the Supreme Court of Virginia denied Edwards' second habeas petition on procedural grounds.

2

On July 14, 2010, Edwards, proceeding pro se, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. In his federal petition, Edwards asserts the following grounds for relief: (1) that his due process rights were violated by the failure of the trial court to rule on the two motions to vacate judgment; and (2) that he was denied the effective assistance of counsel when (a) "appellate counsel failed to raise and preserve Constitutional Errors articulated in timely filed Motion to Vacate Judgment in direct appeal"; (b) "Constitutional Violations raised in post-trial Motions to Vacate was [sic] not preserved by Appellate counsel for the perfecting of direct appeal; (c) "Counsel violated petitioner's 6th Amendment rights by failing to present pivotal and meritorious issues such as Brady Violations described in Motion to Vacate to Appellate court"; (d) "counsel failed to secure reviewability of Motion [to] Vacate for appellate court"; and (e) "[b]y petitioner's counselor failing to preserve Constitutional Errors committed during trial, petitioner was barred by counsel from further challenging his Brady Violation Claims procedurally." (Doc. #1 at 16).

After preliminary orders, respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Edwards was given an opportunity to respond to respondent's Motion to Dismiss with any material that he wished to offer in rebuttal. Edwards filed his response on September 8, 2010. At the Court's direction, respondent requested certified records from the trial court, the Court of Appeals of Virginia, and the Supreme Court of Virginia, the last of which were received on November 4, 2010. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

3

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Edwards' due process claim is exhausted and procedurally defaulted.

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in his trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). In other words, "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Edwards' first ground for relief—that his due process rights were violated by the failure of the trial court to rule on two motions to vacate judgment—was presented to the Supreme Court of Virginia in his second state habeas petition. The Court therefore finds that, for purposes of federal review, this claim has been exhausted.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard, 134 F.3d at 619. In his Motion to Dismiss, respondent contends that Edwards' due process claim is procedurally defaulted. A federal habeas petitioner's claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A state procedural rule is considered adequate and independent when it is "regularly or consistently applied by the

4

state court," and "does not rely on a rule of federal constitutional law." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir.1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)). A petitioner may only overcome procedural default and obtain federal review on the merits if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

In his second state habeas petition, Edwards alleged that his due process rights were violated because the trial court did not rule on two motions to vacate judgment filed by petitioner. With regard to the first motion to vacate judgment which was filed nineteen days after the trial court entered judgment, the Supreme Court of Virginia held that, because the facts giving rise to the claim were known prior to petitioner filing his first state habeas petition but not raised in that petition, the claim was barred by Virginia Code § 8.01-654(B)(2).[1] The procedural default rules set forth in § 8.01-654(B)(2) constitute an adequate and independent state-law basis for decision. Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999); Sparrow v. Director, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006).

With regard to the second motion to vacate judgment, which was filed in the trial court after petitioner was granted a delayed appeal, the Supreme Court of Virginia held that the claim was barred pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), because it is a non-jurisdictional issue that could have been raised on direct appeal. The procedural rule set forth in Slayton likewise constitutes an adequate and independent state law ground for default. Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998).

---

[1]Virginia Code § 8.01-654(B)(2) provides, in part, that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."

Edwards may only overcome procedural default and obtain federal review on the merits if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. In his petition, Edwards attempts to avoid procedural default by alleging that in the motion to dismiss filed in response to petitioner's second state habeas petition, counsel for respondent committed "perjury" by falsely representing to the Supreme Court of Virginia that petitioner failed to raise this ground for relief in his first state habeas petition. This allegation is unsupported and wholly without merit.

Edwards' claim that he raised the issue of the court's failure to rule in his first state habeas petition is contradicted by his filing. The Court has reviewed that petition and the only mention of a motion to vacate judgment is under the heading "Ineffective Assistance of Counsel and The Denial of right of Appeal." Under that heading, Edwards includes a paragraph A in which he alleges that he was denied his right to appeal due to the ineffective assistance of counsel. He then includes a seemingly unrelated paragraph B which states "On March 28, 2007 A Motion to Vacate Judgement [sic] was timely filed in the Hampton Circuit Court, however said Motion was not ruled upon by court." This bare mention of the court's inaction was insufficient to preserve the due process claim he urged in his second state petition. Moreover, contrary to Edwards' claims, respondent's counsel explicitly addressed this statement for the Supreme Court of Virginia to consider. In the motion to dismiss filed in response to Edwards' first state habeas petition, respondent, in a footnote, indicates that respondent did not interpret that one sentence as stating an additional ground for relief. Petitioner did not file any pleadings indicating otherwise and, clearly, the Supreme Court of Virginia did not interpret that sentence as asserting an additional ground for relief. These facts do not establish cause or prejudice

sufficient to excuse the procedural default.

### B. Edwards attempted to present his claims of ineffective assistance of counsel to the Supreme Court of Virginia and they are therefore exhausted.

In his federal petition, Edwards also alleges that he was denied the effective assistance of counsel at both the trial and appellate levels. Respondent contends that Edwards is raising his ineffective assistance of counsel claims for the first time in his federal petition and that they are therefore "simultaneously exhausted and procedurally defaulted."[2] Edwards, for his part, essentially claims that, because he attempted to amend his state petition to include the ineffective assistance claims asserted in his federal petition, he fairly presented them to the Supreme Court of Virginia for habeas review thereby satisfying the exhaustion requirement. The undersigned agrees that Edwards' ineffectiveness claims are exhausted for purposes of federal review.

In his first state habeas petition, Edwards asserted that he was denied his right to appeal as a result of the ineffective assistance of counsel, and obtained relief on this ground. At that time the Supreme Court of Virginia entered an order stating that its grant of limited relief was without prejudice to Edwards' ability to file a second state habeas petition alleging the same grounds as the first. He did not initially present any ineffective assistance claims in his second state habeas petition. However, on February 4, 2010, four months after filing his second state habeas petition and two months after respondent filed a motion to dismiss, Edwards filed a motion to amend his second state habeas petition to include ineffective assistance of counsel claims essentially identical to those raised in his federal petition. On February 19, 2010, the

---

[2] "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it [on federal review]." George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) (citing Gray v. Netherland, 518 U.S. 152, 161-62 (1996)); see Breard, 134 F.3d at 619 (quoting Coleman, 501 U.S. at 735 n.1) ("A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petition would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'").

Supreme Court of Virginia summarily denied Edwards' motion for leave to amend without comment.[3] As a result, the Supreme Court did not address the new claims when it dismissed Edwards' second state habeas petition on the procedural grounds earlier discussed.

Exhaustion requires that a petitioner <u>fairly present</u> his claims to the state's highest court. Matthews, 105 F.3d at 911; see O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) ("Section 2254(c) requires only that state prisoners give state courts a <u>fair</u> opportunity to act on their claims.") (emphasis in original). "In determining whether a claim has been exhausted, a federal court sitting in habeas must consider not merely whether the claim has been placed before the highest state court, but also whether the state court has been given a fair opportunity to review the claim." Baker v. Corcoran, 220 F.3d 276, 291 (4th Cir. 2000); see Castille v. Peoples, 489 U.S. 346, 351 (1989) (holding that the exhaustion requirement is not satisfied "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor") (internal quotation omitted). Fair presentation means that a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process." O'Sullivan, 526 U.S. at 844. Fair presentation does not require that the highest state court actually decide a properly presented issue, just that it be given the opportunity to do so. See Baker, 220 F.3d at 291 ("That the . . . court possesses discretion to decline to review such claims does not mean that they are unexhausted.")

Relying on Castille, O'Sullivan, and Baker, this Court has held that the exhaustion inquiry turns "on whether a claim was presented according to the 'statutorily prescribed

---

[3]Edwards attempted to appeal the February 19, 2010 order. By letter dated March 3, 2010, the Chief Deputy Clerk of the Supreme Court of Virginia informed Edwards that "[t]here is no provision in this Court's rules for filing either a petition for rehearing in response to a denial of a motion, or en banc review of a motion for reconsideration."

mechanism for doing so,' that is, the 'established appellate review process,' or whether the petitioner relied on 'extraordinary remedies,' that is, a 'procedural context' in which the merits of the claim will not be considered absent 'special and important reasons.'" Orbe v. True, 233 F. Supp. 2d 749, 762 (E.D. Va. 2002) (internal citations omitted).

The Rules of the Supreme Court of Virginia state that "[l]eave to amend shall be liberally granted in furtherance of the ends of justice." Rule 1:8 of the Rules of the Supreme Court of Virginia. Filing a motion to amend pursuant to Rule 1:8 is the mechanism in place for raising additional claims while a state habeas petition is pending. Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006). In Hedrick, the Fourth Circuit held that because the petitioner "fail[ed] to follow established Virginia procedure, we are constrained to conclude that [the claim] is not exhausted for purposes of federal habeas review because the claim was not fairly presented to the Virginia Supreme Court." Id. at 364-65.

Unlike the petitioner in Hedrick, Edwards attempted to avail himself of the mechanism provided for in the Rules of the Supreme Court of Virginia in that he attempted to amend his state habeas petition to raise additional claims. Edwards' ineffective assistance claims were therefore fairly presented to the Supreme Court of Virginia. Cf. Orbe, 233 F. Supp. 2d at 762 (finding that "although motions to amend under Rule 1:8 may be routine, ordinary, and liberally granted, motions to exceed the page limit imposed by Rule 5:7A(g) are precisely the kind of extraordinary measure which does not constitute 'fair presentation'"). Accordingly, the Court finds that, for purposes of federal review, Edwards' ineffective assistance claims have been exhausted.

In recommending denial of respondent's motion to dismiss Edwards' claims of ineffectiveness, the undersigned expresses no view on the merits of those claims. In his Motion

to Dismiss, respondent contends that Edwards' ineffective assistance of counsel claims are simultaneously exhausted and procedurally defaulted and, as a result, respondent has not addressed the merits of these claims. Because the Court finds that Edwards' ineffectiveness claims have been exhausted, there can be no finding of simultaneous exhaustion and procedural default.[4] Therefore, the Court recommends that respondent's Motion to Dismiss be denied as to Edwards' ineffective assistance claims, and that respondent be directed to file further responsive pleadings addressing the merits of these claims, or any other basis for precluding federal review.

## III. RECOMMENDATION

The Court recommends that respondent's Motion to Dismiss be GRANTED as to Edwards' due process claim, and DENIED as to Edwards' claims of ineffective assistance of counsel. The Court further recommends that respondent be ordered to file responsive pleadings addressing the merits of Edwards' ineffective assistance of counsel claims, and petitioner be given time to respond after service of any such responsive pleading. See Fed. R. Civ. P. 12(a)(4).

Edwards has also filed several motions with the Court requesting that he be permitted to conduct discovery. (Doc. #'s 7-9). While the Rules Governing Section 2254 Cases in the United States District Courts permit the Court to authorize the parties to conduct discovery, see Rule 6, Edwards' motions are all premature. Therefore, the Court recommends that these motions be DENIED without prejudice to Edwards' right to renew his request to conduct discovery if

---

[4]Simultaneous exhaustion and procedural default applies to claims that have not been exhausted but are deemed so because, if presented to the state courts, they would be procedurally barred under state law. See supra n.2. Respondent bases his contention that all of petitioner's ineffective assistance claims are simultaneously exhausted and procedurally defaulted on the fact that Edwards failed to raise these claims in his first state petition and the Supreme Court of Virginia limited the grounds for relief that could be asserted in any subsequent petition to those raised in that first petition. This argument is flawed with regard to Edwards' claims related to the performance of his appellate counsel. The facts underlying those claims were not, and could not have been known to Edwards at the time his first state habeas petition was filed. Therefore, these claims would not be procedurally barred under state law due to Edwards' failure to raise them in his first state habeas petition.

warranted by the merits of his remaining claims.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

3. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 14, 2010