UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LELAND RAYMOND EDWARDS,**
No. 1160906/204486

        Petitioner,

v.                                                   ACTION NO. 2:10cv339

**GENE M. JOHNSON,**
Director of the Virginia Dep't of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

On January 5, 2007, in the Circuit Court of the City of Hampton, Virginia, petitioner Leland Raymond Edwards ("petitioner" or "Edwards") was convicted of breaking and entering, maiming, and two counts of use of a firearm. On March 9, 2007, petitioner was sentenced to a total of sixty-eight years imprisonment. On March 28, 2007, Edwards' trial counsel filed a motion to vacate judgment and, on April 5, 2007, he filed a notice of appeal. The trial court record was received by the Court of Appeals of Virginia on June 25, 2007. As a result, Edwards' petition for appeal was due on or about August 6, 2007.

Edwards' counsel missed this deadline and, on August 13, 2007, he filed a motion for an

extension of time to file a petition for an appeal. On August 22, 2007, the Court of Appeals of Virginia denied the motion as untimely and dismissed the appeal because a petition was not filed within forty days after the date on which the record was received by the Court of Appeals.

In November 2007, Edwards filed his first petition for writ of habeas corpus in the Supreme Court of Virginia, alleging the following grounds for relief: (1) the prosecution failed to disclose what he claimed was exculpatory evidence (specifically inconclusive DNA test results from a black bag recovered at the crime scene, and evidence of a Kodak disposable camera); and (2) his right to appeal was denied due to the ineffective assistance of trial counsel. The Supreme Court of Virginia found that Edwards was in fact denied his right of appeal and granted the writ with regard to that issue. Petitioner was granted leave to file a delayed appeal. In its order, the Supreme Court of Virginia stated that its decision was without prejudice to Edwards' right to file a subsequent state habeas petition "limited to the ground or grounds assigned in the [first] petition." (Edwards v. Warden of the Sussex I State Prison, Record No. 072420, Mar. 17, 2008).

Edwards filed his delayed notice of appeal on June 27, 2008, and a petition for appeal on July 14, 2008. On appeal, Edwards challenged the sufficiency of the evidence introduced at trial arguing that the trial court erred in denying his motion to strike. In a per curiam order issued on September 24, 2008, the Court of Appeals of Virginia denied Edwards' appeal. On March 19, 2009, a three-judge panel of the Court of Appeals of Virginia denied Edwards' appeal for the same reasons stated in the September 24, 2008 per curiam order. The Supreme Court of Virginia refused Edwards' appeal on September 25, 2009.

On October 7, 2009, petitioner filed a second state habeas petition in the Supreme Court of Virginia. In his second state habeas petition, Edwards asserted two grounds for relief, both alleged violations of his due process rights. He claimed: (1) the trial court failed to rule on the

March 28, 2007 motion to vacate judgment filed in the trial court; and (2) the trial court failed to rule on an April 7, 2008 motion to vacate judgment filed after the Supreme Court of Virginia granted Edwards a delayed appeal. Both motions to vacate involved the DNA evidence and Kodak camera but Edwards did not discuss this in detail in his second habeas petition, instead he focused on the denial of due process in the trial court's failure to rule. On April 8, 2010, the Supreme Court of Virginia denied Edwards' second habeas petition on procedural grounds.

On July 14, 2010, Edwards, proceeding pro se, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. In his federal petition, Edwards asserts the following grounds for relief: (1) that his due process rights were violated by the failure of the trial court to rule on the two motions to vacate judgment; and (2) that he was denied the effective assistance when his appellate counsel failed to raise the alleged constitutional errors articulated in his motions to vacate. (ECF No. 1-1).

After preliminary orders, respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Edwards was given an opportunity to respond to respondent's Motion to Dismiss with any material that he wished to offer in rebuttal. Edwards filed his response on September 8, 2010. The Court, in an Order adopting the Report & Recommendation of the undersigned, granted respondent's Motion to Dismiss with respect to Edwards' due process claim, and denied it as to Edwards' claims of ineffective assistance of counsel. (ECF No. 16). The Court held that Edwards' claims of ineffectiveness of counsel had been exhausted at the state level, but that the Supreme Court of Virginia had not denied them either on the merits or on procedural grounds. This resulted from the Supreme Court's summary denial of Edwards' motion for leave to amend his habeas petition to assert the ineffectiveness claims.

3

This Court directed the parties to file additional pleadings addressing the merits of Edwards' ineffective assistance of counsel claims. Respondent filed a Supplemental Brief in Support of Rule 5 Answer and Motion to Dismiss on March 7, 2011 and Edwards filed a Response on March 25, 2011. (ECF Doc. Nos. 18 and 19). Accordingly, respondent's Motion to Dismiss as to the ineffective assistance of counsel claims is ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Standard of Review

This court previously held that Edwards' ineffective assistance claims were fairly presented to the Supreme Court of Virginia, and therefore exhausted. (ECF No. 16). Because the Virginia court did not reach the merits of Edwards' claim, federal habeas review is not subject to the deferential standard that applies under AEDPA to "any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). Instead, the claim is reviewed de novo. Cone v. Bell, 129 S.Ct. 1769, 1784 (2009); see also Rompilla v. Beard, 545 U.S. 374, 391 (holding that because the state courts never reached the merits of the "prejudicial" prong of the Strickland standard, the Court would review the prong de novo.)

Although this issue was addressed in the previously adopted recommendation, Respondent again argues that Edwards' ineffectiveness claims were rejected by the Supreme Court of Virginia on procedural grounds, because he failed to raise the claims in his first habeas action or pursue them in his direct appeal. (ECF No. 18 at 2). This rejection, Respondent contends, must be deemed an adjudication on the merits, otherwise, this Court would be bypassing the procedural default finding made by the Supreme Court of Virginia, and allowing Edwards' claims to be heard on the merits in a federal habeas petition even though the same claims would be procedurally barred in a successive state habeas petition. Id. at 2.

This argument conflates the two habeas grounds related to the motions to vacate (which were addressed by the Supreme Court in his second state habeas corpus petition) with his ineffective assistance of counsel claims. While the motions to vacate and the ineffective assistance of counsel claims both involved the DNA evidence on the Kenneth Cole bag and the Kodak camera, the Supreme Court of Virginia's disposition of the ineffective assistance of counsel claims occurred when it rejected Edwards' request to amend his second habeas corpus petition to include those claims on February 19, 2010, not when it denied his second habeas corpus petition on procedural grounds on April 8, 2010. The Supreme Court's rejection of leave to amend was without comment. In other words, contrary to Respondent's suggestion, the Supreme Court did not deny leave to amend because Edwards failed to raise his ineffectiveness claims in the first petition. It simply denied leave to amend without explanation. Moreover, Edwards' claims of ineffectiveness in this petition relate to his appellate counsel's failure to raise the issues on appeal – conduct which occurred after Edwards' first habeas petition. As a result, the claims were not decided by the state's high court despite Edwards' attempt – albeit belated – to present them.

The Supreme Court of Virginia's rejection of Edwards' second state habeas corpus petition on April 8, 2010 was based on adequate and independent procedural grounds, however, the ineffective assistance of counsel claims were not part of his second state habeas petition at that time. (ECF No. 12 at 5). Simply put, the ineffective assistance of counsel claims were fairly presented to the Supreme Court of Virginia when Edwards requested leave to amend his second state habeas corpus petition. They were therefore exhausted, but not adjudicated on the merits. The merits of Edwards' claims must, therefore, be reviewed de novo. See Rompilla, 545 U.S. at 391.

To prevail on a claim of ineffective assistance of counsel, petitioner bears the burden of showing: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "To prevail, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that such deficient performance was prejudicial." U.S. v. Willis, 273 F.3d 592, 598 (5th Cir. 2001) (citing Strickland, 466 U.S. at 687). If petitioner makes an insufficient showing on one prong of the Strickland analysis, petitioner's entire ineffective assistance of counsel claim will fail. Strickland, 466 U.S. at 697.

With respect to the performance prong of Strickland, the reviewing court must give strong deference to counsel's decisions. 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); see Kimmelman v. Morrison, 477 U.S. 365, 381- 82 (1986) (discussing the "highly demanding" Strickland standard). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). As it is "all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, ... [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

As to the prejudice prong of the Strickland standard, "[t]he defendant must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

### B. Edwards' Ineffective Assistance of Counsel Claims

Although styled as five different claims, the crux of Edwards' argument for ineffective assistance of counsel essentially involves two substantive arguments: (1) that his appellate attorney, Charles Haden, ("Haden") failed to present to the Court of Appeals of Virginia Edwards' claim that the Commonwealth "withheld" inconclusive DNA test results from a black Kenneth Cole bag recovered from the scene; and (2) that Haden failed to "raise" the issue of a Kodak camera that was recovered from inside the victim's house by Hampton Police. (ECF No. 19 at 3). These two issues Edwards argues, would have supported his "mistaken identity" theory that the perpetrator was actually Edwards' identical cousin. Id. Instead, Edwards argues, Haden relied on weaker arguments challenging the sufficiency of the evidence on his motion to strike.

Edwards further argues under the second prong of Strickland, that he has been prejudiced by these alleged errors. Edwards claims that since his attorney did not articulate these two issues in his direct appeal to the Court of Appeals of Virginia, he has been unable to rely on them as constitutional claims during the post-conviction process. (ECF No. 19 at 4). Had these issues been raised, Edwards contends the Court of Appeals would have vacated his conviction and sentence and remanded the case. Id. It was critical to his defense, he says, that Haden preserve the "significant and obvious" trial errors to the Court of Appeals of Virginia. Id.

The issues in both (virtually identical) Motions to Vacate involved the allegedly exculpatory DNA evidence and Kodak camera that Edwards believes were improperly withheld

at trial. (ECF Nos. 11-1 at 1-2, and 11-5 at 2-3). Edwards argues that instead of the other challenges to the sufficiency of the evidence, Haden should have argued the DNA and camera issues on direct appeal and his failure to do so deprived Edwards of his right to effective counsel. This allegation fails both the performance and prejudice standards of Strickland.

With respect to the performance prong, it is well-settled law that an appellate attorney need not outline every claim, but may select those which he believes to be more meritorious than others. See Smith v. Robbins, 528 U.S. 259, 288 (2000); Jones v. Barnes, 463 U.S. 745, 753-54 (1983). "It is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. at 288. Counsel is presumed to have effectively determined which claims are more likely to be successful on appeal. See Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."). In this case, the fact that Haden argued various other issues concerning the sufficiency of the evidence, but omitted any reference to the DNA swab and the camera, does not fall below the performance standard of Strickland, which allows for exactly this type of discretion on behalf of the attorney. See also Smith v. Robbins, 528 U.S. at 288; Jones v. Barnes, 463 U.S. at 753-54; Gray v. Greer, 800 F.2d at 646.

Moreover, when challenging the insufficiency of the evidence, Haden did in fact, argue the alleged mistaken identity and the fact that Edwards claimed to have given the tote bag to his cousin prior to the incident. (Edwards v. Commonwealth of Virginia, Record No. 1541-08-1, July 14, 2008, Pet. For App., at 12-13). The DNA evidence, which Edwards describes as "withheld" was in fact discussed at trial. Edwards' counsel examined the testifying officer who described taking a DNA sample from the bag, which was ultimately never linked to Edwards.

(ECF 1-2, at 9; Trial Transcript of January 5, 2007 at 119-21). Both attorneys addressed the inconclusive DNA test results with the jury in closing argument. (Trial Transcript at 182-193). With regard to the camera, Edwards has yet to explain its relevance or any connection between it and his mistaken identity theory.[1] In light of this testimony and after reviewing in detail counsel's arguments on appeal, Edwards' claim of ineffective assistance of counsel does not meet the performance prong of Strickland.

With respect to the prejudice prong of Strickland, Edwards has alleged that but for Counsel's failure to raise these two issues on direct appeal, the Virginia Court of Appeals would have vacated his conviction. (ECF No. 19 at 3). Again, his claim is based on the allegation that this evidence would have proven a mistaken identity theory. Id. This claim, that the outcome of the appeal would have been different, disregards virtually all of the other evidence presented at trial. As the Court of Appeals discussed in rejecting Edwards' direct appeal, there was ample evidence upon which to convict Edwards. Three witnesses identified Edwards as the perpetrator. One of them testified that he watched Edwards leave the residence and followed him to a bowling alley where he was later found, hiding in a dumpster several blocks from the crime scene. Edwards admitted to drinking and using drugs that night which, as he stated, "sometimes makes it hard to recall what happened that night." (Edwards v. Commonwealth of Virginia, Record No. 1541-08-1, Sep. 24, 2008 and ECF No. 18 at 14-15).

The Kenneth Cole bag, which was recovered from the crime scene, belonged to Edwards, and contained papers with a fingerprint matching his. While not referring specifically to DNA evidence swabbed from the tote bag, Edward's appellate attorney Haden vigorously argued the alleged mistaken identity and Edwards' testimony that he had given the tote bag to his cousin

---

[1] Edwards filed a post-trial motion for scientific analysis regarding the camera, in which he again failed to explain its relevance. After briefing, the trial court denied the motion on August 1, 2008.

prior to the incident in exchange for cocaine. (Edwards v. Commonwealth of Virginia, Record No. 1541-08-1, July 14, 2008, Pet. For App., at. 12-13). This argument was consistent with testimony elicited at trial regarding the absence of DNA linking the bag to Edwards. (ECF No. 1-2, at 4; (Trial Transcript at 119 – 21; 182)). The camera's supposed relevance to Edwards' mistaken identity theory is still unexplained.

As Edwards had admitted owning the bag and testified that he gave it to his cousin, an inconclusive DNA swab from the bag would have had minimal, if any, relevance to the case in light of all of the other evidence. Haden's arguments on appeal properly focused on the eyewitness identifications while also stressing Edwards' testimony that he had given the bag to his cousin. Edwards cannot show that the outcome would have been different had his attorney raised the issues of inconclusive DNA evidence swabbed from the bag and a camera the relevance of which he has failed even to speculate upon.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT the Respondent's Supplemental Motion to Dismiss Edward's ineffectiveness claims and DENY Edwards' petition for a writ of habeas corpus.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof.

    2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

                                               /s/
                                      Douglas E. Miller
                                  United States Magistrate Judge

                                  DOUGLAS E. MILLER
                                  UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 18, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Leland Raymond Edwards
1160906/204486
Sussex I State Prison
24414 Musselwhite Dr.
Waverly, VA 23891-1111
PRO SE

Robert Homer Anderson , III
Office of the Attorney General
900 E Main St.
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: [signature]
Deputy Clerk

August 19, 2011